Thank you your honor. Jeffrey Foster on behalf of the appellant Vernon Marshall James Young. I think the court has given us a very specific directive from its order submitting the other two cases on the briefing and so I will go straight into what I believe is the issue that the court wants to address and that is the chain of custody and the testimony of forensic DNA analyst Charity Davis. To be blunt. Thank you. To be blunt. That is correct. To be blunt the government utterly failed to prove chain of custody in this case. Is that an element of the offense? No it is not your honor but it is testimonial evidence that is necessary or that is brought against the accused and is subject to cross-examination. So the bigger issue is that Ms. Davis after the government failed to prove that this evidence was what they say it was they she she establishes chain of custody. Counsel? Yes. Counsel can I just interject to focus your argument a little more? You're jumping ahead. It is my understanding that what she provided testimony about was what samples taken from two items a hammer and a shirt isn't that correct? She testified as to numerous pieces of evidence your honor. First off the buccal swabs of not only the victim. Well okay but at least on those two items that that she on those two items hammer and the shirt those were part of her testimony correct? Yes your honor that's correct. Okay and and those items were in evidence were they not? Yes your honor they were. Okay and was no objection made as to by the defense as to that those were crime scene items that were relevant to the prosecution correct? That's correct your honor. Okay so nobody tried to establish how they got nobody challenged the government to establish how they got from the crime scene to the forensic lab for testing? Oh no as a matter of fact the defense counsel and Mr. Young challenged that that that essential factor. We said that well first off there's no I don't think there was any dispute that the items that were that officer Corcoran who was the tribal investigator in this case no doubt that he could come into court and talk about what evidence he picked up and bagged and tagged and and could come into court and talk about the hammer and the knives and the pictures he took of those. There was evidence to that effect though wasn't there? Absolutely. Right how they were labeled and put in bags and marked what we don't know is how they from Montana once they got to the wherever they went in Montana what happened to them and how they got to Virginia? Absolutely there's a there's a huge question mark there we don't have any evidence what we know is officer Corcoran came in and testified I bagged the evidence or my team bagged the evidence and Justin Noble picked up that evidence from the FBI but I don't know what evidence he picked up and then from there all we have is Charity Davis so there's no chain of custody established. Mr. Foster let me ask you a question if I may to get an issue in context in my mind. Let's assume that the DNA testimony and the hammer that they were wrongfully admitted because of a chain of custody problem just assume that for a minute then what what's the result is there sufficient evidence to support the conviction like from the victim's testimony or otherwise so that it doesn't matter or or if there's a chain of custody problem should we reverse the conviction? Well I one of our arguments or other arguments is that in fact that the evidence is insufficient in this case and so certainly I'll let that briefing speak for itself but I'll address your issue I think that what this does is it bolsters the government's case because essentially they're going to go in there they're going to talk about you know all this blood evidence you know these items that were tested the presumptive testing of blood that was found at the scene and the only thing that we have on the record otherwise is the testimony of the victim now maybe that was resolved in favor of the victim or the government in this case but it certainly does help the government's case to bring in DNA evidence if there's not proper foundation for that evidence and in this case no opportunity to cross-examine the... Did you object on the grounds of lack of foundation? Yes your honor I did immediately when Miss Davis right after I can direct you to the page... Was that lack of foundation for her testimony or lack of some other foundation through whatever? Well I think I just stood up your honor and said lack of foundation authenticity and because we had addressed it prior to that with the court... Mike there there was there was evidence about there was testimony about this at some about this evidence but the officer you just... Officer Corcoran. Right and we know it gets to somehow rather it arrives in Virginia correct? Yes well we don't know but well we know she has she's done the testing but that's an assumption that's the logical leap we're asking everybody to make in this case. So at the trial didn't they identify the shirt and the hammer? Absolutely. Right but I don't understand so it's really what you're saying is that the government in order for that evidence to be admitted that there was those exhibits to be admitted the government has to prove where they were or who had control of from the moment they were seized at the scene until the time they arrive in the courtroom. That's not that's not what I'm trying to say what I'm trying to say is that what we know from Melendez-Diaz is that the government when they sit down and plan out their case they have to look at it and say okay which part of this chain of custody is going to is testimonial in nature and needs... We have the right to confront and cross-examine everybody who testified. Well absolutely but I... What you're saying is they have to fill in the blanket they have to bring in those witnesses so we can cross-examine is that what you're saying? Yes the the sixth amendment... What case law what what what supreme court case or ninth circuit case says that? Well actually the the case that this court has asked us to talk about today in that case or actually I'll back up it was addressed in Melendez-Diaz where they talk about the sixth amendment and what it says is that you there's two two parts to that one the government has to bring in the witnesses against the accused and the accused has the right if they want to call witnesses it's the prosecution's burden to prove this case and if they're going to... Well you got a chance to cross-examine the examiner she was there in court she said testified as to what she did the process she followed on items that are in evidence in court so you got a chance to cross-examine her so is she supposed to she's not the one that's supposed to establish the chain of custody well right yeah exactly your honor she's not the one who establishes chain of custody but that's exactly what she did in this case she said how did she do that she simply said that she tested items that uh were furnished to her and she gave her results of her analysis you didn't there's no evidence of tampering is there well she does say your honor on page 188 I do have chain of custody yes and that she the government fails to show any chain of custody she gets up and she says we've established or there's there's chain of custody here but she doesn't know that she didn't cross-examine her on that did you cross-examine her as to what she meant by that yes well she was heavily cross-examined your honor but in fact prior to this the trial court admonished counsel to say that you have no evidence on the record counsel so you cannot uh you cannot cross-examine miss davis on the basis that this evidence had been tampered with or and so the only remedy then would be is to have the ability to cross-examine agent noble which we never had the opportunity to do so i'm out so is your objection to her testimony or is your objection to the denial of getting somebody to fill in the gap i thought you were challenging her testimony i'm i'm challenging her testimony as it relates to the chain of custody uh that she filled in the chain of that should be subject to cross-examination and we weren't given that ability to do all right okay thanks uh your time's up uh we'll give you a minute for rebuttal extra time may it please the court dana jackson from the united states before i address any confrontation clause or chain of custody issues it's important to note that the only value the dna testimony provided to the united states was to establish that the broken liquor bottle caused the victim's stabbing wounds but that was never in dispute the dna evidence actually helped the defense in this case in short the court need not go there or or even into the chain of custody analysis because the issue is harmless in regard to confrontation clause issues williams v illinois is not even implicated the question here is whether the united states met its burden establishing the chain of custody and we did williams did not change ninth circuit law in regard to chain of custody i can agree with the defense counsel that the melendez case is the one that we look to in establishing these rules i also did note and i did not put in my briefs that united states versus solero which is 669 f third 943rd in the ninth circuit this these cases do not suggest that we have to call every witness who touched the specimen it is up to us the united states to are crucial to obtaining a conviction what's the purpose of the the chain of custody rule the purpose of the chain of custody is to establish that you have relevant and appropriate evidence and that they can cross-examine um in this instance your honor we put the officer who had live testimony it was live testimony true we did not put the fbi agent who simply passed along the evidence nor did we put on the clerk who received it at the fbi lab nor did we put on the person who moved it to trace who moved it around it within an fbi lab we don't need to do that the government need not call everyone in the chain of custody who might have had a argument did defense counsel argue that well we don't know what happened to this evidence when it no your honor uh seen no your honor and in fact the defense argued um that the dna evidence was helpful to its case in regards to defense's claim that we somehow violated the confrontation clause quite honestly yes sir how did the defense say that was helpful to their case or what why was it helpful to their case uh your honor in this instance um there was no dna evidence that um pointed out that either one of the defendants were at the scene the only um blood testimony a blood specimen that was um implicated here was the victim's blood was on the broken bottle which where the majority of the injury was caused from was the stabbing of the uh victim with the broken bottle there was his blood was on that particular item of evidence the um blood on the evidence showing that um the victim's blood was on any of vernon jordan or the other defendants items okay thank you thank you i i i have struggled um with the defense's claim that we somehow violated the confrontation clause um it's difficult for the united states to even understand the aspect of the fbi's agent's writings would be considered testimonial in this instance um is the argument somehow that the agent's initials on the bag of evidence is testimonial the united states offered no testimonial evidence that might implicate the sixth amendment finally um your honors the and that we needed to call the agent to disprove this um there's no support for this defense it wasn't in the um closing argument and as you pointed out judge um fisher there was ample opportunity for him to specifically um approach charity davis who had the chain of custody with her and ask very pointed questions regarding um those concerns there was no type of cross examination in that regard the defendant could have introduced this defense and he didn't because this there's no support for that defense to begin with counsel yes sir uh the defense council just argued that they wanted to but were cut off as i understood his argument cut off uh it was ruled out by the district court is that correct your honor i'm not aware of that what i am aware of is the specific language of the objection that was raised at the time of um charity davis's testimony and um the question was what exams were conducted on the evidence that you have in front of you that was the united states question to charity davis and mr foster said objection your honor foundation competency authentication may i have more idea the witness the court said no those items are covered in the prior examination and ladies and gentlemen for your reference the objection that was made was to the question of whether or not this witness is qualified and and took it to be an objection on foundation thank you that is um your honor on um supplemental ser 271 and 272 um it is not the government's obligation in in regard to this to anticipate every possible defense that the defendant might come up with and call a witness to tamp it down certainly the defendant could have called the fbi agent um himself if if if that was going to be a defense worth supporting um in conclusion i end where i began this is not a confrontation clause case um the united states has established the um fact and point that uh we established with their obligations under melendez and solero uh regarding um the chain of custody and finally it is important to note that the dna testimony that was offered um helped the defense more so in the united states in this instance and any error that might have been um happened in admitting it was harmless thank you okay thank you very much and uh thank you good we're giving giving you a minute extra time for rebuttal if you want it you don't have to use it absolutely your honor thank you this is what the judge said after i defense counsel made two very point in objections in this case number one was to the lack of foundation for the chain of custody from point a to point b but counsel also brought up the confrontation confrontation clause issue and specifically objected and then uh the the court on page 176 of the jury trial transcript said this i will not let you nor miss lord co-counsel who's here today argue to this jury based upon matters that are not established by way of fact in the record in other words i won't let you argue that the evidence was tampered with because you don't have any justification or factual basis for doing that well there is no justification or factual basis to do that unless we're given the proper opportunity to cross-examine agent noble and uh elicit from him i mean this type of evidence i mean you just called noble it's not it's not my client's obligation to bring in government witnesses that are helpful for the prosecution in order to establish chain of custody for them that's you told me at the outset that chain of custody was not an element of their off of their of the charge here right no it's it's a purely i mean they take the risk i mean all this really goes to is the weight that the jury's going to give to this evidence that's all it really amounts to how much weight no i i think that's incorrect because there's a preliminary there may be a preliminary foundation to show relevancy and that it's generally reliable they brought in the one officer who bagged the stuff and then they brought in the agent from from dc i don't know why they have to bring in everybody they take the risk well with this they have to they they're using testimonial uh evidence i mean it's testimonial there's no other reason for chain of custody than for it to be uh for them to establish for the truth all right you're over here thank you okay thank you counsel uh i want to thank both counsel for their excellent arguments uh the case of the united states versus young shall be submitted
judges: Fisher, Gould, Paez